# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>(Rural Development, formerly known as the<br>Farmers Home Administration),<br><br>            Plaintiff,<br><br>            v.<br><br>**TANIEYA M. DAVIDSON aka Tanieya Williams,**<br>**KHALEB G. SEALEY aka Khaleb Sealy,**<br>**KHADEEM J. SEALEY aka Khadeem Sealy, and**<br>**KHAREEM C. SEALEY aka Khareem Sealy,**<br>Heirs at Law of CYNTHIA DAVIDSON, deceased,<br>(and the unknown heirs, devisees, grantees,<br>assignees, lienors, creditors, trustees, or other<br>claimants by, through, under or against<br>CYNTHIA DAVIDSON, deceased); and all<br>parties having a claim, right, title, or interest<br>in the property herein,<br><br>            Defendants. | Civil Action No. 2015-0074 |

**Attorneys:**
**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Shelby A.K. Gaddy, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Unknown Heirs of Cynthia Davidson*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" against all Defendants in this case, filed by Plaintiff United States of America (Rural Development, formerly known as Farmers Home Administration) (the "United States") (Dkt. No. 52). For the reasons discussed below, the Court will grant the Motion for Default Judgment.

# I. BACKGROUND

On December 7, 2015, the United States filed a Complaint for debt and foreclosure against Tanieya M. Davidson, Khaleb G. Sealey, Khadeem J. Sealey, and Khareem C. Sealey (collectively, "Defendants"). (Dkt. No. 1). The United States alleged that, on November 6, 1989, Cynthia Davidson ("Davidson"), now deceased, executed and delivered to the United States a Promissory Note (the "Note") in which she promised to pay the principal sum of $63,500.00, plus interest at the rate of 8¾ % per annum in monthly installments beginning on December 6, 1989. *Id.* ¶ 8. As security for payment on the Note, on the same date, Davidson executed and delivered to the United States a Mortgage encumbering the following property ("the Property") described as:

> Plot No. 756 Williams Delight, Prince Quarter, St. Croix, Virgin Islands, consisting of 0.2346 U.S. acre, as shown and described on Public Works Drawing No. 3069, dated September 20, 1970.

*Id.* ¶ 9. The Complaint alleged that, also on November 6, 1989, Davidson entered into a Subsidy Repayment Agreement with the United States, providing for the United States to recapture interest credits granted to Davidson upon foreclosure of the Mortgage. *Id.* ¶ 10.

In addition, the Complaint provided that, on November 6, 1992, Davidson and the United States entered into a Reamortization and/or Deferral Agreement ("Reamortization Agreement") which provided that a $517.00 payment would be due on December 6, 1992 and that installments in that amount would be due and payable monthly, with the final installment due on November 6, 2022 if not paid sooner. *Id.* ¶ 11. On November 4, 1994, Davidson and the United States entered into a second Reamortization Agreement ("Second Amortization Agreement"), which provided that a $547.00 payment would be due December 6, 1994 and on the sixth of each month thereafter, with the final payment due on November 6, 2022 if not paid sooner. *Id*. ¶ 12. Davidson and the United States entered into a third Reamortization Agreement ("Third Reamortization Agreement")

on May 6, 1996, which provided that a $567.00 payment would be due on June 6, 1996 and that installments in that amount would be due and payable monthly, with the final payment due on November 6, 2022 if not paid sooner. *Id*. ¶ 13. Davidson and the United States entered into a Fourth Reamortization Agreement on August 6, 1999, which provided that a $636.74 payment would be due on September 6, 1999, and that installments in that amount would be due and payable on the sixth day of each month, with the final payment due on November 6, 2022 if not paid sooner. *Id.* ¶ 14. Davidson and the United States entered into a Fifth Reamortization Agreement on February 6, 2007, which provided that a $897.04 payment would be due on March 6, 2007 and that installments in that amount would be due and payable monthly, with the final payment due on November 6, 2022 if not paid sooner. *Id.* ¶ 15. Davidson and the United States entered into a Sixth Reamortization Agreement on January 6, 2011, which provided that a $1,091.36 payment would be due on February 6, 2011 and that installments in that amount would be due and payable on the sixth of each month with the final payment due on November 6, 2022 if not paid sooner. *Id.* ¶ 16.

The Complaint alleges that Davidson died intestate on July 16, 2011. No probate proceeding was initiated in the Superior Court. *Id*. at ¶ 17. Title to the Property was in Davidson's name at the time of her death. *Id*. ¶ 18. The Complaint provides that, upon information and belief, Defendants Tanieya M. Davidson, Khaleb G. Sealey, Khadeem J. Sealey, and Khareem C. Sealey may have an interest in the Property by operation of law as Davidson's surviving heirs, but any interest they may have is inferior to that of the United States. *Id*. ¶ 19. None of the Defendants has assumed Davidson's debt, and it is not known if there are any other heirs or claimants that may claim an interest in the Property. *Id*. ¶ 21. The United States is the present owner of the Note, Mortgage, and Reamortization Agreements, and has a first lien on the Property and superior interest to any of the Defendants. *Id.* ¶ 20.

The Complaint alleges that the Note, Mortgage, and Reamortization Agreements are in default because no one has paid the monthly installment due on July 6, 2011 and all subsequent installments. Consequently, and pursuant to the terms of the loan documents, the United States declared the entire amount of the indebtedness immediately due and payable and demanded payment. As of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 22-24.

The Complaint provides that the following sums were due: $94,348.00 in principal; $33,926.55 in interest through July 25, 2015; $1,721.63 in late charges and interest on assessed fees; $11,303.44 in escrow fees for taxes, insurance, and title search; for a total due of $141,299.62. That sum accrues interest at the rate of $22.6177 per diem until the date of Judgment, and at the legal rate of interest, pursuant to 28 U.S.C. § 1961, thereafter. *Id.* ¶ 25.

The United States seeks judgment against the Defendants, *inter alia*, for all amounts due under the Note and Reamortization Agreements, foreclosure of the Mortgage, and a declaration that the United States' Mortgage is a first lien on the Property. *Id.* at p. 8.

On April 1, 2016, the United States filed a Motion for Service by Publication on all Defendants (Dkt. No. 16) which the Magistrate Judge of this Court granted. (Dkt. No. 18). The United States filed Notices of Substituted Service (Dkt. Nos. 19, 20) after which it filed Applications for Entry of Default against Defendants on June 30, 2016 and July 1, 2016. (Dkt. Nos. 21-24). On July 8, 2016, the Clerk entered default against Khareem C. Sealey (Dkt. No. 25); Khadeem J. Sealey (Dkt. No. 26); Tanieya M. Davidson (Dkt. No. 27); and Khaleb G. Sealey (Dkt. No. 28).

On February 10, 2017, the United States filed a Motion for Appointment of Guardian Ad Litem and Attorney Ad Litem to: (1) serve as guardian ad litem to represent such unnamed Defendants as may be infants, incompetents or otherwise not sui juris and (2) serve as attorney ad

litem to represent unnamed Defendants who may be in the military service of the United States. (Dkt. No. 31). The United States attached to the Motion a Declaration of Attorney Shelby King Gaddy, who agreed to serve in those capacities. *Id.* The Court granted the Motion on February 27, 2017 for Attorney Gaddy to represent the interests of "unknown heirs, devisees, persons not *sui juris*, and those who may be in the military." (Dkt. No. 34).

On May 26, 2017, the United States filed the instant Motion for Default Judgment against Defendants Khareem C. Sealey, Khadeem J. Sealey, Tanieya M. Davidson, and Khaleb G. Sealey. (Dkt. No. 52). In its Memorandum in Support of its Motion, the United States contends that it is authorized to foreclose on the Property because: (1) Davidson, now deceased, executed and delivered the Note and Mortgage to the United States in which she promised to pay the debt owed, and pledged the Property as security for the debt; (2) Davidson agreed that the United States would recoup any subsidies provided to her in the event of default; (3) Davidson also executed six Reamortization Agreements in which she reaffirmed her promises to repay the debt owed the United States after falling behind in her mortgage payments; and (4) these documents provide authority to allow the United States to foreclose on the Property that serves as security for Davidson's debt and, after her death, the debt owed by any of her heirs. (Dkt. No. 53 at 9-10). The United States asserts that it sent Davidson Notices of Default, Acceleration of the Mortgage, and Demand for Payment at Davidson's last known address, which also provide authority for the United States to foreclose on the Property. *Id.* at 10. In addition, the United States argues that the three factors for determining whether default judgment is appropriate, as set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), are met. *Id.* at 10-12.

The United States claims that the appointment of an attorney ad litem and guardian ad litem to represent the interests of any unknown heirs, persons not sui juris, or persons who may be in the

5

military satisfies any prerequisite for judgment against unknown persons or entities having any claim to the Property through the deceased borrower. Because the guardian ad litem and attorney ad litem has not answered the Complaint or asserted any affirmative defenses to this action, the United States argues that it is entitled to default judgment against these groups of people. *Id.* at 5, 8-9.

The United States included a Declaration on the Certification of Government Records and Non-Military Status of All Named Defendants, signed by Kimme R. Bryce, Area Director, Rural Development ("RD"), an agency of the United States Department of Agriculture, who had personal knowledge of the documents executed by Davidson, which were maintained as part of the United States' business records. (Dkt. No. 53-2). In her Declaration, Ms. Bryce states that she had personal knowledge of the identity of Defendants Tanieya M. Davidson a.k.a. Tanieya Williams, Khaleb G. Sealey, Khadeem J. Sealey, and Khareem C. Sealey, who are Davison's children and legal heirs. *Id.* She added that the information concerning Davidson's children was provided to RD by Khaleb Sealey. *Id.* Because borrowers are not required to provide dates of birth and social security numbers of their children at the time loans are made, RD did not have this information for the named Defendants. *Id.* Nevertheless, through diligent search, Ms. Bryce declared that none of the Defendants are active duty members of the military. *Id.*

Ms. Bryce also signed a Certificate of Indebtedness certifying that the indebtedness on Davidson's Note was set forth on the Payoff Information Sheet, which itemized how the interest and costs on the account were calculated. (Dkt. No. 53-3). On the Payoff Information Sheet, Ms. Bryce asserted that the indebtedness owed the United States as of May 31, 2017 was: principal balance of $94,348.00; unpaid interest from June 6, 2011 through May 31, 2017 of $49,442.29; late charges of $174.60; fees of $21,458.18 (consisting of escrow fees for taxes and insurance of

6

$15,703.18, caretaker fees of $5,555.00, and title search fees of $200.00); and per diem interest on the fees assessed (taxes, insurance) of $4,081.10; for a total indebtedness of $169,504.17. In addition, Ms. Bryce asserted that $22.6177 in per diem interest on the principal and $5.1442 in per diem interest on the fees accrues from June 1, 2017 until the date of Judgment. *Id.*

The United States also provided a Declaration of its counsel, Angela Tyson-Floyd, Esq., in support of its Motion for Default Judgment. (Dkt. No. 53-1). Attorney Tyson-Floyd described the extensive efforts made by the United States to determine the identity of Davidson's heirs and to serve them, including the appointment of a guardian ad litem and attorney ad litem as a precautionary measure, prior to seeking default judgment. *Id.* Counsel noted, *inter alia*, that the United States could not obtain certificates of Defendants' non-military status because their dates of birth and social security numbers necessary to search the database were not available. *Id.*

None of the Defendants responded to the United States' Motion for Default Judgment.

## II. APPLICABLE LEGAL PRINCIPLES

In a motion for default judgment, "'the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.'" *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of

7

damages with reasonable certainty.'" *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

*Flagstar Bank, FSB v. Rivers,* 2014 WL 1101858, at *3 (D.V.I. Mar. 18, 2014) (quoting *Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### III. ANALYSIS

The United States has satisfied all of the requirements necessary to obtain a default judgment against Defendants Khareem C. Sealey, Khadeem J. Sealey, Tanieya M. Davidson, and Khaleb G. Sealey, and against unknown heirs, devisees, persons not sui juris, and those who may be in the military. In the Declaration of Counsel, Attorney Angela Tyson-Floyd stated, and the record shows, that Defendants have been validly served with all pleadings via substituted service but have not appeared. (Dkt. Nos. 18, 19, 20). The United States has also shown that default was entered against the Defendants by the Clerk of Court. (Dkt. Nos. 25-28). In her Declarations in

support of the United States' applications for entry of default, Attorney Angela Tyson-Floyd averred that each of the Defendants "is neither an infant nor incompetent[.]" (Dkt. Nos. 21-1, 22-1, 23-1, 24-1). The Court finds these sworn statements are sufficient to satisfy the default judgment requirements that the United States show that Defendants are not incompetent persons nor infants. *See FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (holding that counsel's "information and belief" are sufficient grounds upon which to find that a non-appearing defendant is not a minor or incompetent person for the purposes of obtaining a default judgment).

Further, the United States has shown with specificity how it calculated the amount of monies due on the account by providing the Declaration of Kimme Bryce, a Certificate of Indebtedness, and a Payoff Information Sheet. (Dkt. Nos. 53-2, 53-3). In addition, the United States has stated that it could not provide copies of Military Status Reports from the Department of Defense Manpower Data Center showing that the Defendants are not on active duty status with the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.,* because RD never obtained social security numbers and dates of birth of Davidson's children, which is the means by which such a search is effected. (Dkt. No. 53-1 at 6). Nevertheless, Ms. Bryce averred that she had personal knowledge of Davidson's heirs, declared that they are not in the military, and therefore are not entitled to the protections of the Servicemember's Civil Relief Act. (Dkt. No. 53-2).

The Court is also satisfied with the United States' efforts to determine whether there were any other heirs, devisees, grantees, assignees, lienholders, creditors, trustees, personal representatives, or other persons who may claim an interest in the Property, and whether such possible claimants may be infants, incompetents, suffering from some legal disability whereby any

such persons are not sui juris, or in the military. Attorney Shelby Gaddy was appointed to serve as guardian ad litem and attorney ad litem to represent the interests of those unknown heirs, and has not filed an answer or asserted any affirmative defenses on behalf of those unknown heirs.

Finally, the United States has argued, and the Court has considered, the *Chamberlain* factors and finds that the prejudice to the United States resulting from Davidson's breach of her contractual obligations, and Defendants' failure to assume Davidson's debt—having received notice of this action—together with the apparent absence of a litigable defense, weigh in favor of the Court granting default judgment. In addition, Defendants' culpable conduct is evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, default judgment against Defendants is appropriate.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant the United States' Motion for Default Judgment against Defendants Tanieya M. Davidson, Khaleb G. Sealey, Khadeem J. Sealey, and Khareem C. Sealey, and against any unknown heirs, devisees, persons not *sui juris*, and those who may be in the military. (Dkt. No. 53).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: March 22, 2018                                         _____/s/_____
                                                             WILMA A. LEWIS
                                                             Chief Judge